```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
IN LEE,

                Plaintiff,
                                            MEMORANDUM & ORDER
         -against-                          21-CV-5649 (JS)(ARL)

RAUSCH, STURM, ISRAEL, ENERSON &
HORNIK, LLP,
                Defendant.
-----------------------------------X
APPEARANCES
For Plaintiff:         David M. Barshay, Esq.
                       Barshay, Rizzo, & Lopez, PLLC
                       445 Broadhollow Road, Suite CL18
                       Melville, New York  11747

For Defendant:         Arthur Sanders, Esq.
                       Barron & Newburger, P.C.
                       30 South Main Street
                       New City, New York  10956
```

SEYBERT, District Judge:

In this consumer action, Tara Luisi ("Plaintiff") brings claims against Rausch, Strum, Israel, Enerson & Hornik, LLP ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") and the New York General Business Law. (See generally Compl., ECF No. 6-1.) Plaintiff alleges Defendant violated the FDCPA by sending Plaintiff a letter regarding the alleged debt that appeared to come from an attorney, thus misleading Plaintiff into believing that there was meaningful attorney involvement in the collection of the debt, when in fact no attorney with Defendant was genuinely involved in preparing the letter. (Id. ¶¶ 74-75, 79.) Plaintiff alleges she "justifiably

1

fears" that Defendant "will ultimately cause Plaintiff unwarranted economic harm . . . unwarranted harm to Plaintiff's credit rating . . . [and] to be sued for a debt Plaintiff does not owe" (Id. ¶¶ 45-47.)  Moreover, Plaintiff alleges that Defendant's conduct caused Plaintiff to waste time, be confused and unsure as to Plaintiff's rights, and to seek advice from counsel, thus incurring attorneys' fees.  (Id. ¶ 48.)

For the reasons set forth in Ciccone v. Cavalry Portfolio Servs., LLC, No. 21-CV-2428, 2021 WL 5591725 (E.D.N.Y. Nov. 29, 2021), which is incorporated herein by reference, Plaintiff's allegations fail to adequately plead a concrete injury in fact. See also In re FDCPA Mailing Vendor Cases, No. 21-CV-2312, 2021 WL 3160794, at *1 (E.D.N.Y. July 23, 2021); Williams v. Credit Corp Solutions, Inc. d/b/a Tasman Credit, 21-CV-5729 (E.D.N.Y. Oct. 26, 2021) (text order).  Nor do Plaintiff's allegations that Defendant's conduct places Plaintiff at risk of future economic harm suffice to confer Article III standing.  TransUnion v. Ramirez, 141 S. Ct. 2190, 2210-11 (2021).  Thus, Plaintiff lacks standing, and this Court lacks jurisdiction.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

<u>CONCLUSION</u>

For the stated reasons, Plaintiff's motion to remand (ECF No. 5) is GRANTED, and this case is hereby remanded to the District Court of the County of Nassau, Fourth District Court.

SO ORDERED.

<u>/s/ JOANNA SEYBERT</u>
Joanna Seybert, U.S.D.J.

Dated:   January  21 , 2022
         Central Islip, New York